UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA CORRIDOR EAST CONSTRUCTION AUTHORITY, et al., | Case No.  25-cv-05618-VC |
| Plaintiffs, | **ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO INTERVENE AS MOOT** |
| v. | |
| SHIMMICK CONSTRUCTION COMPANY, INC., et al., | Re: Dkt. Nos. 31, 35 |
| Defendants. | |

The motion to remand is granted, and the motion to intervene is denied as moot. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.

Under the Labor Management Relations Act, 29 U.S.C. § 185, state law claims are completely preempted by federal law when (1) those claims arise from rights created by collective bargaining agreements, or (2) those claims require the interpretation of collective bargaining agreements. *Dent v. National Football League*, 902 F.3d 1109, 1116 (9th Cir. 2018). In this lawsuit, the plaintiffs assert that the defendants violated certain California wage regulations promulgated by the California Department of Industrial Relations—specifically, "scope-of-work" and "prevailing-wage" regulations governing compensation for different types of work performed by different classes of workers in connection with public works projects. The plaintiffs also assert that the defendants made false claims to public entities in connection with the work performed on those projects. These claims obviously do not arise from rights created by CBAs. But the defendants contend that because DIR lifted language verbatim from CBAs when

adopting the pertinent regulations, adjudication of the plaintiffs' claims will "require interpretation" of those CBAs.

That is wrong. DIR's scope-of-work provisions are regulations that are legally distinct from the CBAs that inform them. *See Masters v. Vellutini Corp.*, No. 208-CV-01372-JAM-DAD, 2008 WL 11388469, at *3 (E.D. Cal. Sept. 19, 2008). That the provisions copy the exact language of certain CBA provisions makes no difference. Although examining the circumstances surrounding the adoption of the CBAs might be useful to resolve any ambiguities in the scope-of-work provisions, it is for the state to decide how to interpret its own regulations, and the possibility that a state court might reference the CBAs as part of that interpretive process is not enough to trigger complete preemption under the LMRA. *See Dent*, 902 F.3d at 1116.

Regardless of how the DIR arrived at the wording of its scope-of-work provisions, those provisions are not private agreements between employers and workers that are governed by the LMRA; they are an exercise of the state's traditional authority to set minimum labor standards. Indeed, if the defendants were right that claims arising from state regulations can be preempted simply because those regulations adopt language from CBAs, that would mean that any lawsuit by the state to enforce such regulations would be completely preempted by federal law. That would be a grave infringement on state authority, underscoring why the defendants' preemption argument has no merit here.

The Clerk is directed to close the case and to remand the matter to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: September 23, 2025

_____
VINCE CHHABRIA
United States District Judge